JEFFREY A. SWEDO (SBN: 78361)
jswedo@grsm.com
PAMELA J. SILK (SBN: 179359)
psilk@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614
Telephone: (949) 255-6989
Facsimile: (949) 474-2060

Attorneys for Defendant
LOWE'S HOME CENTERS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER DE GUCHY,<br><br>               Plaintiff,<br><br>vs.<br><br>LOWE'S HOME CENTERS, LLC;<br>and DOES 1 to 20, inclusive<br><br>               Defendant. | CASE NO.<br><br>**NOTICE OF REMOVAL OF ACTION**<br><br>**Under 28 U.S.C. § 1332 and § 1441(b) (Diversity)** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1332 and §1441(b), Defendant LOWE'S HOME CENTERS, LLC, contemporaneously with the filing of this notice, is effecting the removal of the below referenced action from the Superior Court of the State of California for the County of Los Angeles (Case No. 21STCV02511) to the United States District Court, Central District of California – Western Division. The removal is based on the following grounds.

-1-
NOTICE OF REMOVAL OF DEFENDANT LOWE'S HOME CENTERS, LLC

## JURISDICTION AND VENUE ARE PROPER

1. This is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332, 1441(a), and 1146(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(b), 1391 and 1446.

## PLEADINGS, PROCESS AND ORDERS

3. On January 21, 2021, Plaintiff Xavier De Guchy ("Plaintiff") commenced the above-entitled civil action in the Superior Court for the County of Los Angeles by filing a Complaint entitled *Xavier De Guchy v. Lowe's Home Centers, LLC, et al.,* Case No. 21STCV02511. The Complaint named LOWE'S HOME CENTERS, LLC, and Does 1-20, as defendants. Defendant LOWE'S HOME CENTERS, LLC was served with the Complaint on January 28, 2021. True and correct copies of the following documents filed by Plaintiff on January 21, 2021 are attached hereto and incorporated herein by reference as **Exhibit "A:"**

   a. Summons;
   b. Complaint;
   c. Civil Case Cover Sheet;
   d. Civil Case Cover Sheet Addendum and Statement of Location; and,
   e. Notice of Case Assignment – Unlimited Civil Case.

4. On March 30, 2021, Defendant LOWE'S HOME CENTERS, LLC filed its Answer to the Complaint and Demand for Jury Trial. A true and correct copy of the Answer and Demand for Jury Trial of LOWE'S HOME CENTERS, LLC, to Plaintiff's Complaint are attached hereto collectively as **Exhibit "B."**

///

# DIVERSITY

## A. Citizenship

5. This is an action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action where the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. This action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b), as the action is between citizens of different states.

6. Plaintiff was, at the time of the filing of this action, and presently remains, domiciled in the State of California and therefore is a citizen of the State of California.

7. Defendant LOWE'S HOME CENTERS, LLC is a limited liability company. The citizenship of a limited liability company, for purposes of diversity jurisdiction, is the citizenship of its members. Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). LOWE'S HOME CENTERS, LLC is a manager-managed limited liability company with its only member being Lowe's Companies, Inc. Lowe's Companies, Inc. is a publicly traded North Carolina corporation with its principal place of business in North Carolina. Accordingly, LOWE'S HOME CENTERS, LLC is a citizen of the State of North Carolina.

8. Therefore, complete diversity of citizenship exists as between Plaintiff and Defendant LOWE'S HOME CENTERS, LLC.

## B. Fictitious Does

9. Defendants DOES 1 to 20, inclusive, are wholly fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants. In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a), the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C §. 1441(b)(1); Newcombe v. Adolf Coors Co., 157 F.3d 686, 690-91 (9th Cir. 1998). Accordingly, the mere fact that the Complaint

makes reference to fictitious defendants does not destroy diversity jurisdiction and does not preclude this action from being properly removed to this Court.

## AMOUNT IN CONTROVERSY

10. Plaintiff's Complaint sets forth causes of action for products liability causing personal injury. *See*, **Exhibit "A."** Plaintiff alleges that on November 25, 2020, Plaintiff was injured by a Hitachi table saw Plaintiff purchased from Defendant LOWE'S HOME CENTERS, LLC's retail store. Plaintiff contends the alleged incident caused Plaintiff to sustain personal injuries and damages. Although Plaintiff was prohibited from stating a specific amount demanded in the Complaint, Defendant LOWE'S HOME CENTERS, LLC has been able to ascertain through an "other paper" that the amount in controversy exceeds $75,000.00.[1] This other paper was a "Statement of Damages," served by Plaintiff on Defendant LOWE'S HOME CENTERS, LLC on April 13, 2021.

11. Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a "preponderance of the evidence" facts that support an inference that the amount in controversy exceeds the statutory minimum. Singer v. State Farm Mut. Auto Ins. Co., 116 F.3d 373, 376 (9th Cir. 1996); see, McPhail v. Deere and Company, 529 F.3d 947, 955 (10th Cir. 2008) ("It is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy."). This standard is not a "daunting" one, as courts recognize that unlike the "legal certainty test" applicable where the complaint does allege a specific amount in damages, the removing defendant is not obligated to "research, state, and prove the plaintiff's claim for damages." McCraw v. Lyons, 863 F. Supp. 430, 434 (W.D. Ky. 1994); see also, Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).

---

[1] California Law prohibits personal injury plaintiffs from stating a specific amount of damages sought in the complaint. See, Cal. Code Civ. Proc. § 425.10.

-4-
NOTICE OF REMOVAL OF DEFENDANT LOWE'S HOME CENTERS, LLC

*Gordon Rees Scully Mansukhani, LLP*
*5 Park Plaza, Suite 1100*
*Irvine, CA 92614*

12. A defendant must merely set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum. A defendant must establish jurisdiction by proving jurisdictional facts, i.e. proof of what the plaintiff is seeking to recover. McPhail, 529 F.3d at 954-55. "Once the facts have been established, uncertainty about whether the plaintiff can prove [h]is substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." Meridian Secs. Ins. Co. v. Sadowski, 441 F.3d 540, 543 (7th Cir. 2006); see also, McPhail, 529 F.3d at 954 (once underlying jurisdictional facts are proven, "a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake").

13. Where an initial pleading is not removable, a notice of removal can be filed within 30 days after receipt of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is removable. 28 U.S.C. §1446(b)(3). The term "other paper" under 28 U.S.C. § 1446(b) refers to any document that is part and parcel of state court proceedings having their origin and existence by virtue of the state court processes.

14. Plaintiff's Statement of Damages, served on Defendant LOWE'S HOME CENTERS, LLC by Plaintiff on April 13, 2021, reflects that the amount in controversy exceeds $75,000. This was Defendant LOWE's HOME CENTERS, LLC first notice of Plaintiff's claimed damages. Attached hereto as **Exhibit "C"** is a true and correct copy of Plaintiff's Statement of Damages. Thus, the amount in controversy here exceeds the $75,000 statutory minimum and federal jurisdiction is proper.

### CONSENT OF DEFENDANTS TO REMOVAL

15. This requirement is not applicable as there are no other defendants in this action.

///

## TIMELINESS OF REMOVAL

16. This Notice of Removal is timely filed in that it has been filed within thirty (30) days after Plaintiff's served its response to Defendant LOWE'S HOME CENTERS, LLC's Statement of Damages. This pleading from Plaintiff was the first indication that the matter was removable and met both requirements for complete diversity of the parties and the amount in controversy exceeding $75,000. 28 U.S.C. §1446(b)(3).

17. This Notice of Removal is timely under Section 1446 (b), (c) of *Title 28 of the United States Code* because this Notice of Removal is filed within one year of the commencement of the action, so it is timely filed under 28 U.S.C. § 1446 (b)(1). As noted above, Plaintiff filed his Complaint on January 21, 2021 and served Defendant LOWE'S HOME CENTERS, LLC on January 28, 2021.

18. For the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441(b).

19. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument.

**WHEREFORE**, Defendant respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of Los Angeles County to the United States District Court for the Central District of California, Western Division.

Dated:  May 3, 2021

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Jeffrey A. Swedo*
JEFFREY A. SWEDO
PAMELA J. SILK
Attorneys for Defendant
LOWE'S HOME CENTERS, LLC