UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
AMENDED (TO CORRECT ORDER DATE)
CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-03744-RGK-JC | Date | April 14, 2022 |
|---|---|---|---|
| Title | _XAVIER DE GUCHY v. LOWES HOME CENTERS, LLC et al_ | | |

Present: The Honorable  R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Joseph Remigio (not present) | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:      Attorneys Present for Defendants:

Not Present                            Not Present

Proceedings:     (IN CHAMBERS) Order Re: Defendant's Motion for Summary Judgment [DE 30]

## I. INTRODUCTION

On January 21, 2021, Xavier De Guchy ("Plaintiff") sued Lowe's Home Centers, LLC ("Defendant") for (1) products liability, (2) negligence, and (3) breach of warranty. Presently before the Court is Defendant's Motion for Summary Judgment, which Plaintiff does not oppose.[1] (ECF No. 30.) For the following reasons, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion.

## II. FACTUAL BACKGROUND

Because Plaintiff did not oppose the Motion, the following facts are undisputed:

On October 9, 2017, Plaintiff purchased a Hitachi Jobsite Table Saw Model C10RJ (the "Saw") from Defendant's store. The Saw came with Safety Instructions and a plastic push stick to help guide wood pieces through the Saw blade. The Saw and push stick are pictured below:

 

---

[1] The Court struck Plaintiff's opposition as untimely and finding no good cause, denied Plaintiff's request for leave to file a late opposition. (ECF Nos. 37, 44.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-03744-RGK-JC | Date | March 14, 2022 |
|---|---|---|---|
| Title | *XAVIER DE GUCHY v. LOWES HOME CENTERS, LLC et al* | | |

(Def.'s Mot. Summ. J. ("Mot.") at 5, ECF No. 30.)

On November 25, 2020, Plaintiff used the Saw and push stick to cut a ½-inch-wide strip out of a 1-inch-wide and 29-inch-long piece of wood. (Gill Decl., Ex. D ("Pl.'s Dep.") at 71, ECF No. 31-4.) Plaintiff adjusted the fence within half an inch from the blade to make the through cut[2]. (*Id.* at 70.) While pushing the wood through the Saw, the push stick shattered after presumably contacting the blade, cutting into Plaintiff's right palm and causing injuries. Plaintiff did not have the blade guard or anti-kickback pawl in place while making the cut. (*Id.* at 100–101, 126.) The Safety Instructions warn against operating the Saw without the blade guard or anti-kickback pawl in place when making through cuts and instruct users to utilize a push block, not a push stick, when the distance between the fence and the Saw blade is less than 2 inches. (*See* Gill Decl., Ex. C ("Manual"), ECF No. 31-3.)

### III. JUDICIAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 56(a), a court may grant summary judgment only if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On issues where the moving party does not have the burden of proof at trial, the moving party is required only to show that there is an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). Upon such a showing, the Court may grant summary judgment on all or part of the claim. Fed. R. Civ. P. 56(a).

To defeat a summary judgment motion, the non-moving party may not merely rely on its pleadings or on conclusory statements. *Celotex*, 477 U.S. at 324. Nor may the non-moving party merely attack or discredit the moving party's evidence. *See Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983). The non-moving party must affirmatively present specific admissible evidence sufficient to create a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. The materiality of a fact is determined by whether it might influence the outcome of the case based on the contours of the underlying substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over such facts amount to genuine issues if a reasonable jury could resolve them in favor of the nonmoving party. *Id.*

### IV. DISCUSSION

Defendant moves for summary judgment on each of Plaintiff's claims, and Plaintiff does not oppose. Although a court cannot grant a summary judgment motion simply because it is unopposed, summary judgment is warranted if the moving party meets the threshold "burden of demonstrating the

---

[2] A through cut is "any cutting operation where the blade extends completely through the thickness of the workpiece." (*See* Manual at 12.) Through cuts are also referred to a rip-cuts. (Stmt. of Uncontroverted Facts ¶ 4, ECF No. 30-2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-03744-RGK-JC | Date | March 14, 2022 |
|---|---|---|---|
| Title | *XAVIER DE GUCHY v. LOWES HOME CENTERS, LLC et al* | | |

absence of triable issues." *Henry v. Gill Indus., Inc.* 983 F2d 943, 950 (9th Cir. 1993). The Court considers each claim in turn.

    **A.**     **Strict Products Liability**

A plaintiff may prevail on a claim for products liability by establishing either a manufacturing defect, design defect, or failure to warn. *See Carlin v. Superior Court*, 13 Cal. 4th 1104, 1110 (1996). The Court analyzes each of Plaintiff's theories of liability below:

    1.     *Manufacturing Defect*

A plaintiff proves a manufacturing defect by establishing that a product leaving the manufacturer's control differed from the intended result or from apparently identical products of the same manufacturer. *See Barker v. Lull Eng'g Co., Inc.*, 20 Cal. 3d 413, 428 (1978). Here, Plaintiff must provide evidence that the push stick contained a manufacturing defect when it left Defendant's possession. *See* Jud. Council of Cal. Civ. Jury Instructions (2022) ("CACI") No. 1203.

Defendant argues that there is no evidence that the push stick was not manufactured in accordance with the manufacturer's specifications, and therefore summary judgment is proper. The Court agrees.

There is no evidence demonstrating that the push stick at issue differed from the manufacturer's intended result or from the manufacturer's other push sticks. In his interrogatory responses, Plaintiff merely stated that he was "unable to state whether the material utilized by the manufacturing entity for which defendant is vicariously liable under California law was intended or was a variance in the plastic compound causing the brittleness." (Gill Decl., Ex. E ("Pl.'s Interrog.") at 13, ECF No. 30-5.) Therefore, there is not enough evidence to create a genuine dispute that the push stick had a manufacturing defect. As such, the Court grants summary judgment to Defendant on the manufacturing defect theory of strict products liability.

    2.     *Design Defect*

Plaintiff also alleges defective design in the Saw and specifically the push stick. To prevail on his claims, Plaintiff must provide sufficient evidence that either (1) the risk of the design outweighed the benefits (risk-benefit test) or (2) that the product did not perform as an ordinary consumer would have expected (consumer expectations test). *Barker*, 20 Cal. 3d at 418. The Court evaluates Plaintiff's claim under each test below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-03744-RGK-JC | Date | March 14, 2022 |
|---|---|---|---|
| Title | *XAVIER DE GUCHY v. LOWES HOME CENTERS, LLC et al* | | |

a.  *Risk-Benefit Test*

"[U]nder the risk/benefit test, the plaintiff may establish the product is defective by showing that its design proximately caused his injury and the defendant then fails to establish that on balance the benefits of the challenged design outweigh the risk of danger inherent in such design." *Saller v. Crown Cork & Seal Co., Inc.*, 187 Cal. App. 4th 1220, 1233 (2010) (internal citations omitted).

Whether the Court grants summary judgment on Plaintiff's design defect claim under the risk-benefit test depends on which aspect of the product Plaintiff claims is defective in design. Assuming it is the entire Saw, there is no genuine dispute that the benefits of its design outweigh the risks. Defendant provides evidence that the removability of the blade guard is beneficial because it allows a user to make non-through cuts. (Hyde Decl. ¶10, ECF No. 30-3.) The inability to remove the guard would decrease the product's versatility and overall utility. (*Id.*) Defendant also argues that the potential danger of the guard's removability is combated by the various warnings about which kinds of cuts should be made with the guard in place. Plaintiff has not offered any contrary evidence. Therefore, no reasonable jury could find that the Saw, as a whole, is defectively designed.

However, assuming Plaintiff's claim for defective design is specific to the push stick, there is a genuine dispute regarding whether the benefits of the push stick's design, namely its composition, outweigh the risks. When asked to elaborate about the defective design claim in interrogatories, Plaintiff states that the subject push stick is "designed with brittle, unsuitable structure, and non-safe negligent design such that if it comes in contact during foreseeable use with the [S]aw blade in operation will shatter causing sharp and pointed pieces to lacerate . . . and inflict grievous injuries to its user." (Pl.'s Interrog. at 8.) Defendant argues that it would "have made no difference whether the stick was made of plastic or some other material (e.g. wood)" because both materials are capable of being shattered when used as Plaintiff did. (Mot. at 12; *see also* Hyde Decl. ¶13.) But Defendant does not sufficiently demonstrate the absence of triable issues to warrant summary judgment on this design defect theory. There are still issues of material fact—that is, whether the benefits of the push stick's design outweigh its inherent risks.

Therefore, the Court denies summary judgment as to Plaintiff's claim of a defectively designed push stick.

b.  *Consumer Expectation Test*

To establish a claim for design defect under the consumer expectation test, a plaintiff must prove, among other elements, that the product at issue "did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-03744-RGK-JC | Date | March 14, 2022 |
| Title | *XAVIER DE GUCHY v. LOWES HOME CENTERS, LLC et al* | | |

foreseeable way." CACI No. 1203. Moreover, product misuse is a complete defense to strict products liability if the defendant proves that an unforeseeable abuse or alteration of the product after it left the manufacturer's hands was the sole cause of the plaintiff's injury. *Campbell v. S. Pac. Co.*, 22 Cal. 3d 51, 56 (1978).

There is a genuine dispute as to whether Plaintiff's use or misuse of the Saw and push stick to make a through cut was reasonably foreseeable. Plaintiff alleges that he was injured when using the Saw and push stick in a foreseeable manner. He states in his interrogatories that the use of the push stick is not prohibited for use unless the piece of wood is thinner than the push stick itself. (Pl.'s Interrog. at 15.) Defendant argues that the use was not foreseeable, given the 37 warnings regarding the proper use of the push stick and the Saw's safeguards. However, the warnings are not determinative of foreseeability. Further, Defendant fails to meet its burden on its affirmative defense of product misuse to warrant summary judgment because, as explained, there is a genuine dispute regarding the foreseeability of Plaintiff's use of the Saw and push stick. *See Celotex*, 477 U.S. at 325 (holding that the movant must show that there are no genuine issues of material fact as to matters on which it has the burden of proof at trial). Because the safeguards are removable, there is a factual dispute about whether Plaintiff's use of the Saw without the safeguards in place was reasonably foreseeable.

Defendant also argues that it is entitled to summary judgment on Plaintiff's defective design claim under the consumer expectation test because the theory cannot be proven when the design defect is beyond the everyday experience of a common juror and therefore requires expert testimony, which Plaintiff fails to provide. Defendant, however, is mistaken that the lack of expert testimony from Plaintiff entitles Defendant to summary judgment. "[I]t is generally sufficient if the plaintiff provides evidence concerning (1) his or her use of the product; (2) the circumstances surrounding the injury; and (3) the objective features of the product which are relevant to an evaluation of its safety." *Chavez v. Glock, Inc.*, 207 Cal.App.4th 1283, 1311 (2012) (internal citation omitted). Because there is evidence of Plaintiff's experience using the Saw and push stick, and because of the objective features of the product at issue, Plaintiff can survive summary judgment without producing expert testimony.

Defendant therefore is not entitled to summary judgment on Plaintiff's design defect claim under the consumer expectation test.

3. *Failure to Warn*

To prevail on a failure to warn theory of products liability, Plaintiff must prove "that the lack of sufficient instructions or warnings was a substantial factor in causing Plaintiff's harm." *See* CACI No. 1205.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-03744-RGK-JC | Date | March 14, 2022 |
| Title | *XAVIER DE GUCHY v. LOWES HOME CENTERS, LLC et al* | | |

There is an absence of evidence that the lack of a warning about the weakness or composition of the push stick was a substantial factor in causing Plaintiff's harm. Instead, the evidence shows that Plaintiff's failure to heed to 37 other warnings was a substantial factor in causing Plaintiff's harm. Defendant has evidenced 36 locations, on the Saw itself and in the Safety Instructions, where Plaintiff was advised of the proper use of the Saw and push stick. (*See* Manual.) The warning states to "always use a blade guard, riving knife, and anti-kickback pawls on all through cut operations." (*Id.* at 8.) In addition, the Safety Instructions provide a warning to use a push block rather than a push stick for rip cuts when the distance between the fence and Saw blade is less than 2 inches. (*Id.* at 37.) Further, Plaintiff has not provided evidence that the absence of warnings about the push stick was a substantial factor in his harm. Thereby, Defendant has met its burden in showing an absence of evidence to satisfy the causation element.

Therefore, the Court grants summary judgment to Defendant on Plaintiff's design defect claim under the failure to warn theory.

**B.** **Negligence**

Plaintiff also alleges a claim of negligence in the design, manufacture, and warning of the Saw and push stick. To prevail on the negligence claim, Plaintiff must show: (1) a legal duty to use due care; (2) a breach of that duty; and (3) that the breach proximately and legally caused the resulting injury to Plaintiff. *See Coleman v. Medtronic, Inc.*, 223 Cal. App. 4th 413, 433 (2014).

Because the Court has found that there is no genuine dispute regarding the strict liability claims for manufacturing defect and failure to warn, and Plaintiff alleges negligence claims arising from such defects, there can be no genuine dispute regarding the negligence claims under those same theories. *See Fender v. Medtronic, Inc.*, 887 F. Supp. 1326 ("Under California law, the requirements for stating a claim for strict liability for a manufacturing defect are the same as for negligence.") Therefore, the Court grants summary judgment on Plaintiff's claims for negligence in manufacturing and failing to warn.

Regarding Plaintiff's negligent design theory, however, "to say that a product was 'negligently designed' is to say that it 'was defective, for purposes of establishing liability under a theory of negligence'" *Merrill v. Navegar, Inc.* 26 Cal 4th 465, 480. Because the Court has found that there are genuine disputes regarding whether the push stick was defectively designed, Defendant is likewise not entitled to summary judgment on Plaintiff's negligent design theory.

In sum, the Court grants summary judgment to Defendant on the negligence claims arising from failure to warn and manufacturing defects, but denies summary judgment on the negligent design claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-03744-RGK-JC | Date | March 14, 2022 |
| Title | *XAVIER DE GUCHY v. LOWES HOME CENTERS, LLC et al* | | |

### C. Breach of Warranty

Plaintiff alleges that Defendant breached the implied warranty of fitness for a particular purpose. Defendant argues that summary judgment is warranted for three distinct reasons: (1) the two-year warranty has expired; (2) the Saw's express warranty certificate disclaims all implied warranties of merchantability and fitness; and (3) all warranties are declared void if the product is not used in accordance with the Safety Instructions. (*See* Gill Decl., Ex. G ("Warranty"), ECF No. 31-7.) The Court discusses each argument in turn.

#### 1. Expired Warranty

Defendant argues that the two-year warranty has expired. However, Defendant appears to assume that Plaintiff alleges breach of an *express* warranty when Plaintiff only alleges breach of an implied warranty. Therefore, Defendant's argument regarding the expired warranty is moot.

#### 2. Disclaimer of Implied Warranties

Plaintiff only alleges a breach of the implied warranty of fitness and not merchantability. Therefore, the Court only answers whether the warranty certificate disclaims the implied warranty of fitness for a particular purpose.

Although a party may disclaim the implied warranty of fitness for a particular purpose, here, *Defendant* did not disclaim the warranty. The warranty certificate states:

> NO WARRANTY, ORAL OR WRITTEN, EXPRESS OR IMPLIED, OTHER THAN THE ABOVE WARRANTY IS MADE WITH REGARDS TO THIS HITACHI KOKI PRODUCT. HITACHI KOKI DISCLAIMS ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR USE OR PURPOSE…

(*See* Warranty.) The language of the disclaimer demonstrates that the manufacturer (Hitatchi Koki) disclaimed the warranty, but not the seller (Defendant). Because Defendant did not disclaim the warranty, and provides no basis for using the manufacturer's disclaimer as a shield to liability, Defendant's disclaimer argument fails. "[A]ny disclaimer… must be strictly construed against the seller." *Hauter v. Zogarts*, 14 Cal. 3d 104, 119 (1975).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03744-RGK-JC | Date | March 14, 2022 |
|---|---|---|---|
| Title | *XAVIER DE GUCHY v. LOWES HOME CENTERS, LLC et al* | | |

3. *Void Upon Failure to Operate in Specified Manner*

Defendant also argues that the warranty is void if there is a "failure to operate the unit in the manner specified by the owners manual." (Warranty at 2.) However, the relevant language in the warranty appears to relate to the *express* warranty, not any *implied* warranty. It states, "This [express] warranty is void if… the damage [to the Saw] is due to… failure to operate the unit in the manner specified by the owners manual . . . ." (*Id.*) Furthermore, this language is found in Hitachi's warranty, and Defendant does not provide a basis for how this provision would protect Defendant from liability.

Because the Court has rejected each of Defendant's arguments, it accordingly denies summary judgment on Plaintiff's breach of warranty claim.

**V.      CONCLUSION**

For the foregoing reasons, the Court **GRANTS** summary judgment to Defendant on Plaintiff's claims for products liability and negligence under a manufacturing defect and failure to warn theory; and **DENIES** summary judgment on Plaintiff's claims for products liability and negligence under a design defect theory. The Court also **DENIES** summary judgment on Plaintiff's breach of warranty claim.

The only claims remaining are (1) products liability for the allegedly defective design of the push stick; (2) negligence for the allegedly defective design of the push stick; and (3) breach of the implied warranty of fitness for a particular purpose.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | | jre/k |